Argued and submitted December 8, 1986, affirmed March 11, 1987

SHORELINE ESTATE
HOMEOWNERS ASSOCIATION, INC.,
*Respondent,*

*v.*

LOUCKS et al,
*Appellants.*

(CC83-840; CA A37214 (Control))

SHORELINE ESTATE
HOMEOWNERS ASSOCIATION, INC.,
*Respondent,*

*v.*

KILLION et al,
*Appellants.*

(CC83-841; CA A37215)
(Cases Consolidated)
733 P2d 942

Nicholas D. Zafiratos, Astoria, argued the cause for appellants. With him on the briefs was Zafiratos & Roman, Astoria.

W. Louis Larson, Astoria, argued the cause for respondent. With him on the brief was Larson and Fischer, Astoria.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This is an appeal from an injunction ordering defendants to remove television "satellite dishes" from their yards in a residential housing development. Plaintiff homeowners association complained that the "dishes" violate a restrictive covenant that applies to all of the homes in the development, and the trial court agreed. We affirm.

The restrictive covenant to which defendant's property is subject provides, in pertinent part:

> "No dwelling house, garage, fence, wall or other structures * * * shall be erected or constructed * * * unless a complete set of plans and specifications therefor * * * shall have been submitted to and approved by the homeowners association * * *."

Defendants placed "satellite dishes" on each of their properties without submitting a plan for approval. They argue that they are not "other structures" for purposes of the restrictive covenant.

Although the term "structure" is not defined, the declaration of restrictions includes numerous provisions which limit the owners' uses of the property to those consistent with the residential nature of the development. Article III, section D provides that "[nothing] shall * * * be done or maintained [on the property] which may be or become an annoyance or nuisance to the neighborhood or detract from its value as a high class residential neighborhood." Article VI, section A, which includes the language at issue here, provides that approval of a plan for a proposed structure may be withheld, not only for noncompliance with the restrictions, but also if, in the judgment of the homeowners association, the proposed structure is "inharmonious with the general plan of improvement" or "with the structures erected on other building sites in the immediate vicinity" of the site on which the proposed structure is to be built.

On *de novo* review, we agree with the trial court that the term "other structures" includes "satellite dishes" of the type erected here, which are eight and one-half and ten feet in diameter and are bolted to concrete bases. Because they were erected without approval from plaintiff, we affirm the trial court's injunction requiring defendants to remove them.

Affirmed.